UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONNELL ANDERSON # 393424** | **CIVIL ACTION** |
| **versus** | **NO. 11-266** |
| **WARDEN LYNN COOPER** | **SECTION: "S" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Ronnell Anderson, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On August 19, 2005, he was convicted of distribution

of marijuana in violation of state law.[1]  On February 23, 2006, he pleaded guilty to being a fourth offender and was sentenced as such to a term of twenty years imprisonment.[2]  On October 31, 2006, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[3]  The Louisiana Supreme Court then denied his related writ application on August 31, 2007.[4]

On or after December 4, 2007, petitioner filed with the state district court an application for post-conviction relief.[5]  That application was denied on January 14, 2008.[6]  He thereafter filed a related writ application with the Louisiana Fifth Circuit Court of Appeal; however, that writ application was dismissed as premature on June 23, 2008, because he had an additional application for relief pending before the state district court as noted below.[7]

---

[1] State Rec., Vol. IV of V, transcript of August 19, 2005, p. 30; State Rec., Vol. I of V, minute entry dated August 19, 2005; State Rec., Vol. I of V, jury verdict form.

[2] State Rec., Vol. IV of V, transcript of February 23, 2006; State Rec., Vol. I of V, minute entry dated February 23, 2006; State Rec., Vol. III of V, Waiver of Rights form dated February 23, 2006.

[3] State v. Anderson, 945 So.2d 768 (La App. 5th Cir. 2006) (No. 06-KA-372); State Rec., Vol. I of V.

[4] State v. Anderson, 962 So.2d 427 (La. 2007) (No. 2006-KO-2957); State Rec., Vol. I of V.

[5] State Rec., Vol. I of V.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner signed his state application on December 4, 2007; therefore, it was obviously given to prison officials for mailing on or after that date.

[6] State Rec., Vol. I of V, Order dated January 14, 2008.

[7] State v. Anderson, No. 08-KH-425 (La. App. 5th Cir. June 23, 2008) (unpublished); State Rec., Vol. II of V.

While those proceedings were ongoing, petitioner filed with the state district court a second application for post-conviction relief on or about May 13, 2008.[8] That application was denied on May 29, 2008.[9] His related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on July 31, 2008,[10] and by the Louisiana Supreme Court on August 12, 2009.[11]

While those proceedings were still ongoing, petitioner also filed a writ application directly with the Louisiana Supreme Court on July 15, 2008, challenging the manner in which the Louisiana Fifth Circuit Court of Appeal reviewed *pro se* post-conviction writ applications. That writ application was denied on April 17, 2009.[12]

During the midst of the state court proceedings, petitioner filed with this Court a federal application for *habeas corpus* relief on June 16, 2009.[13] That application was dismissed

---

[8] State Rec., Vol. II of V.

[9] State Rec., Vol. I of V, Order dated May 29, 2008.

[10] State v. Anderson, No. 08-KH-562 (La. App. 5th Cir. July 31, 2008) (unpublished); State Rec., Vol. II of V.

[11] State *ex rel.* Anderson v. State, 15 So.3d 1005 (La. 2009) (No. 2008-KH-2395); State Rec., Vol. II of V.

[12] State *ex rel.* Anderson v. State, 6 So.3d 787 (La. 2009) (No. 2008-KH-1650); State Rec., Vol. I of V.

[13] Anderson v. Cooper, Civ. Action No. 09-3973 (E.D. La.); State Rec., Vol. II of V.

without prejudice on March 8, 2010, based on his failure to exhaust his state court remedies.[14] On April 21, 2010, the United States Fifth Circuit Court of Appeals then dismissed his related appeal.[15]

On January 11, 2011, petitioner filed the instant federal application for *habeas corpus* relief.[16] The state argues that this application must be dismissed both because petitioner's state court remedies remain unexhausted and because it is untimely.

### Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Moreover, the United States Supreme Court has held that the exhaustion requirement is not met unless a petitioner *expressly* presented his claim in his pleading before the state's *highest court*, in that courts are not required to review prior decisions or briefs in the case to ferret out what claims a petitioner may be asserting. Baldwin v. Reese, 541 U.S. 27, 31-32 (2004).

---

[14] Anderson v. Cooper, Civ. Action No. 09-3973, 2010 WL 890983 (E.D. La. Mar. 8, 2010).

[15] Anderson v. Cooper, No. 10-30257 (5th Cir. Apr. 21, 2010) (unpublished).

[16] Rec. Doc. 1.

Accordingly, to determine whether petitioner exhausted his state court remedies, the Court must compare the claims asserted in the instant federal application to the claims asserted in the writ applications he filed with the Louisiana Supreme Court.

In the instant federal application, petitioner asserts the following claims:

1. Ineffective assistance of counsel;[17]

2. Petitioner's identification was unduly suggestive and unreliable;[18] and

3. There was insufficient evidence to support petitioner's conviction.[19]

The record reflects that petitioner filed three writ applications with the Louisiana Supreme Court concerning this conviction and sentence: Nos. 2006-KO-2957, 2008-KH-1650, and 2008-KH-2395. Copies of those three writ applications are included in Volume V of the state court record.

In writ application No. 2006-KO-2957, petitioner asserted only a single claim in which he argued that his sentence was excessive.

In writ application No. 2008-KH-1650, petitioner asserted only a single claim in which he argued that the Louisiana Fifth Circuit Court of Appeal had utilized an illegal procedure in reviewing *pro se* post-conviction writ applications.

---

[17] Rec. Doc. 1, p. 5; Rec. Doc. 1-1, pp. 8-10.

[18] Rec. Doc. 1-1, pp. 10-12.

[19] Rec. Doc. 1-1, pp. 12-13.

In writ application No. 2008-KH-2395, petitioner asserted the following three claims:

1. Petitioner's identification resulted from an unduly suggestive identification procedure;

2. There was insufficient evidence to support petitioner's conviction; and

3. Errors Patent.

In light of the foregoing, it is clear that petitioner has never fairly presented to the Louisiana Supreme Court his claim that he received ineffective assistance of counsel. As a result, his federal application is, at best, a mixed petition and is therefore subject to dismissal on that basis. See Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

That said, it would not be in the interests of justice and judicial economy to again dismiss petitioner's federal application without prejudice based on the lack of exhaustion. Because petitioner's federal application is also clearly untimely, it should instead be dismissed **with prejudice** on that basis. See Alexander v. Cain, Civ. Action No. 05-683, 2007 WL 121722 (E.D. La. Jan. 12, 2007) ("When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason. Whether the underlying claims have been exhausted will not change the timeliness of the petition." (citations omitted)).

Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[20]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on August 31, 2007. Therefore, under § 2244(d)(1)(A), his conviction and sentence became "final" on November 29, 2007, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, his federal limitations period commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Specifically, the AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

On December 4, 2007, after only four (4) days of the federal limitations period had elapsed, petitioner began seeking state post-conviction relief. Because of the overlapping nature of

---

[20] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

– 7 –

his various state applications, the Court, out of an abundance of caution, will assume for the purposes of this decision that tolling continued uninterrupted until the Louisiana Supreme Court issued its final denial of relief on August 12, 2009.[21]

When the limitations period then resumed running at that point, petitioner had three hundred sixty-one (361) days remaining. Accordingly, the limitations period expired no later than August 9, 2010,[22] unless that deadline was further extended by additional tolling.

Petitioner filed no other *state* applications at any time on or before August 9, 2010. Although he filed his first *federal* application for *habeas corpus* relief on June 16, 2009, that filing and the related appellate proceedings are of no moment here. A *federal* application for *habeas corpus* review is not an "application for State post-conviction or other collateral review" and therefore clearly does not trigger the tolling provisions § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001); Mathis v. Thaler, 616 F.3d 461, 473 (5th Cir. 2010), cert. denied, No. 10-855, 2011 WL 677067 (U.S. Feb. 28, 2011); *In re* Wilson, 442 F.3d 872, 876 n.5 (5th Cir. 2006); Mercadel v. Cain, 84 Fed. App'x 456, 457 (5th Cir. 2004). Accordingly, he is not entitled to further statutory tolling.

---

[21] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott, 192 F.3d at 512-13.

[22] The one-year limitations period would normally have expired on August 8, 2010. However, because that date fell on a Sunday, the period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

The Court notes that the United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 9, 2010, in order to be timely. Because his federal application was filed no earlier than January 11, 2011,[23] it is untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Ronnell Anderson be **DISMISSED WITH PREJUDICE** as untimely.

---

[23] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his federal application was placed in the prison mailing system on January 11, 2011. Rec. Doc. 1, p. 11.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this thirty-first day of March, 2011.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.